**In the Matter of the Estate of DAVID R. MCNEIL, Decedent, BY: ELISA M. MCNEIL, Administratrix,**

**v.**

**RICHARD DOUGHTIE, Claimant.**

High Court of American Samoa
Trial Division

PR No. 23-02

January 6, 2005

Before KRUSE, Chief Justice; LOGOAI, Chief Associate Judge; and ATIULAGI, Associate Judge.

Counsel: For Administratrix, Frederick J. O'Brien
For Claimant, Roy J.D. Hall, Jr.

OPINION AND ORDER

### Introduction

On November 17, 1994, the Territorial Registrar recorded the Articles of Incorporation of Trans-Pacific Shipping Agency, Inc., ("TPSAI"), a corporate entity organized by the decedent David McNeil ("McNeil") and Richard Doughtie ("Doughtie") under the laws of American Samoa. After incorporation, TPSAI lay dormant, conducting no organizational meetings for the subscription and issuance of shares nor undertake business of any kind, until 2001, when McNeil sought to revive TPSAI

17

as a stevedoring business of his own. In this interim, Doughtie had departed the territory.

In a series of communications, in June 2001, between McNeil, Doughtie and their attorneys, Doughtie suggested that if McNeil was to become the sole owner of TPSAI, Doughtie should be compensated for his share of the $400.00 in costs incurred in the 1994 formation of the TPSAI. On June 21, 2001, McNeil's attorney wrote to Doughtie stating that "Dave [McNeil] is prepared to reimburse you $200," to which Doughtie replied, "Done!". That same day, Doughtie consented to the sale of all TPSAI stock to McNeil and eventually the latter operated a stevedoring business to service P.M. & O. Lines, Inc ("PMO"). Subsequently, McNeil passed away, on August 18, 2002, without having paid Doughtie the stipulated $200.00.

After McNeil's death, McNeil's widow, as administratrix of McNeil's estate ("the estate"), entered into an agreement to sell the property and assets of TPSAI to PMO. On March 5, 2003, Doughtie filed a notice of claim against the estate, maintaining that he remained a 50 percent owner in TPSAI at the time of McNeil's death because he had not been paid the $200.00. Accordingly, he contends that he would therefore be entitled to a one-half interest in the proceeds of the TPSAI sale, which proceeds were deposited, pursuant to stipulation of the parties, into the registry of the Court pending disposition of Doughties' claim.

We are satisfied on the evidence that McNeil at the time of his death was the sole owner of TPSAI; and that Doughties' claim to half interests in TPSAI is entirely unsupported.

## Discussion

■ The Articles of Incorporation for TPSAI provided for an initial issuance of 2,000 shares of TPSAI stock, and that in turn TPSAI's named Board of Directors, including Doughtie, authorized all 2,000 shares to be issued to McNeil for the par value price of $1.00 each. That Doughtie authorized the sale of this stock and purchased no shares for himself, and that McNeil acquired all of TPSAI stock for consideration, establishes McNeil as the only owner of TPSAI shares.

Doughtie's (and McNeil's) initial investment of $200.00 in the incorporation of TPSAI, then, is irrelevant to his ownership of TPSAI shares, for absent Doughtie taking the additional step of purchasing stock from TPSAI for not less than $1 per share, he has not become a TPSAI stock-owner. Indeed, were we to accept Doughtie's claim that the non-reimbursed $200.00 he initially invested entitles him now to a 50 percent interest in TPSAI, we would in effect be ignoring TPSAI's organizing

charter. Article Four of TPSAI's Articles of Incorporation states that the stock price may not be less than $1.00 per share. Doughtie's current investment of $200.00 falls at least $800.00 below the minimum payment required to own 1,000 of TPSAI's 2,000 shares.

█ Because the $200.00 in costs spent by both McNeil and Doughtie to incorporate TPSAI can be distinguished from the separate consideration needed to obtain an ownership interest in TPSAI shares, we regard Doughtie's $200.00 payment as simply a start-up cost, and not an investment toward an ownership in TPSAI.

In turn, we are not clear that Doughtie has a legally compelling argument to entitle him to $200.00 from the estate in initial TPSAI formation costs, but nevertheless award him this amount. According to the communications between the parties and their attorneys, Doughtie noted that "[i]t would be fair to have some of my costs recovered that involved the formation of this company." Although McNeil in turn promised to reimburse Doughtie $200.00 for such costs, to the extent that the offer of $200.00 was for Doughtie's past services, as opposed to future forbearance, the agreement would not appear enforceable for lack of consideration. However, in that the parties concede that such an agreement was entered into, that the $200.00 was indeed owed to Doughtie, we see no reason to disrupt this consensus and award Doughtie $200.00 from the estate.

## Order

Doughtie's initial $200.00 contribution to TPSAI does not constitute an ownership interest in TPSAI. Consequently, McNeil's estate has full ownership interest in TPSAI and the full proceeds of the sale. Doughtie, however, is entitled to $200.00 pursuant to the parties' agreement and shall be paid accordingly. It is so ordered.